James J. Elacqua (CSB No.:  187897)
james.elacqua@dechert.com
Noemi C. Espinosa (CSB No.:  116753)
nicky.espinosa@dechert.com
Ellen J. Wang (CSB No.:  215478)
ellen.wang@dechert.com
DECHERT LLP
1117 California Avenue
Palo Alto, California 94304
Telephone:     (650) 813-4800
Facsimile:     (650) 813-4848

Attorneys for Plaintiffs
MEDTRONIC, INC., MEDTRONIC USA, INC.,
AND MEDTRONIC VASCULAR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDTRONIC, INC., a Minnesota corporation, MEDTRONIC USA, INC., a Minnesota corporation, and MEDTRONIC VASCULAR, INC., a Delaware corporation, <br><br>Plaintiffs, <br><br>v. <br><br>AGA Medical Corporation, a Minnesota corporation <br><br>Defendant. | Case No. <br><br>**COMPLAINT FOR PATENT INFRINGEMENT** <br><br>**DEMAND FOR JURY TRIAL** <br><br>**CERTIFICATION OF INTERESTED PARTIES** |

Plaintiffs, Medtronic, Inc., Medtronic USA, Inc., and Medtronic Vascular, Inc. (collectively "Plaintiffs"), by and for their Complaint against defendant, AGA Medical Corporation ("AGA") allege as follows:

**I.**

**NATURE OF THE CASE**

1. This is a case to enforce patents against infringement.  Plaintiffs hold the rights to U.S. Patent Nos. 5,067,957, 5,190,546, and 6,306,141 (collectively, the "patents-in-suit.")  The

United States patent laws grant the holder of a patent the right to exclude infringers from making, using or selling the invention claimed in a patent, and to recover damages for the infringer's violations of these rights, and to recover treble damages where the infringer has willfully infringed the patent. Plaintiffs are suing AGA for infringing their patents, and doing so willfully. Plaintiffs seek to recover damages for AGA's infringement, including treble damages for willful infringement, as well as injunctive relief to end AGA's further infringement.

## II.

## THE PARTIES

2. Medtronic, Inc. ("INC") is a Minnesota Corporation, having its principal place of business in Minneapolis, Minnesota.

3. Medtronic USA, Inc. ("USA") is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.

4. Medtronic Vascular, Inc. ("VASCULAR") is a Delaware corporation with a principal place of business in Santa Rosa, California, within this judicial district.

5. Plaintiffs develop, manufacture and sell medical devices, including endoprosthesis devices and related products. Vascular and USA have contractual rights to sue for damages and to exclude others from practicing the inventions claimed in the patents-in-suit.

6. Upon information and belief, AGA is a Minnesota corporation. AGA develops, manufactures and sells certain medical devices, including at least the AMPLATZER® Septal Occluder, the AMPLATZER® Duct Occluder and the AMPLATZER® Vascular Plug devices. AGA is doing business within this judicial district by offering for sale and selling such occlusion devices.

## III.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35 § 271 of the United States Code.

8. This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a).

    9.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because, upon information and belief, AGA has, among other things, committed infringing acts in this district and generally does business in this district.

## INTRADISTRICT ASSIGNMENT

    10.    This patent action is in an excepted category for Local Rule 3-2(c), Assignment of a Division, and will be assigned on a district wide basis.

## IV.

## CLAIMS FOR RELIEF

### COUNT I

**(Patent Infringement of U.S. Patent 5,067,957)**

    11.    Plaintiffs hereby incorporate by reference paragraphs 1-10 of this Complaint.

    12.    U.S. Patent No. 5,067,957 (the "'957 Patent"), entitled "Method Of Inserting Medical Devices Incorporating SIM Alloy Elements" duly and legally issued on November 26, 1991 to James E. Jervis (attached as Exhibit A), with Raychem Corporation as the originally named assignee.

    13.    INC is the current assignee of the rights under the '957 Patent.

    14.    On information and belief, AGA has been, and is currently infringing, directly and/or through acts of contributory infringement or inducement, one or more claims of the '957 Patent by, among other things, making, using, selling and/or offering for sale, certain medical devices, including at least the AMPLATZER® Septal Occluder, the AMPLATZER® Duct Occluder and the AMPLATZER® Vascular Plug devices, within the territorial boundaries of the United States, including this district, that embody and/or practice the inventions claimed in the '957 Patent.

    15.    On information and belief, AGA's infringement of the '957 Patent has been and is willful, and will continue unless enjoined by this Court. Plaintiffs have suffered, and will continue to suffer, irreparable harm as a result of this willful infringement. Remedies available at law are inadequate to compensate Plaintiffs for the irreparable harm they have suffered and will continue to suffer. In considering the balance of hardships between Plaintiffs and AGA, a remedy

1  in equity is warranted.  Plaintiffs have complied with the notice provisions of 35 U.S.C. § 287
2  with respect to the '957 patent.

## COUNT II

### (Patent Infringement of U.S. Patent 5,190,546)

16. Plaintiffs hereby incorporate by reference paragraphs 1-15 of this Complaint.

17. U.S. Patent No. 5,190,546 (the "'546 Patent"), entitled "Medical Device Incorporating SIM Alloy Elements" duly and legally issued on November 26, 1991 to James E. Jervis (attached as Exhibit B), with Raychem Corporation as the originally named assignee.

18. INC is the current assignee of the rights under the '546 Patent.

19. On information and belief, AGA has been, and is currently infringing, directly and/or through acts of contributory infringement or inducement, one or more claims of the '957 Patent by, among other things, making, using, selling and/or offering for sale, certain medical devices, including at least the AMPLATZER® Septal Occluder, the AMPLATZER® Duct Occluder and the AMPLATZER® Vascular Plug devices, within the territorial boundaries of the United States, including this district, that embody and/or practice the inventions claimed in the '546 Patent.

20. On information and belief, AGA's infringement of the '546 Patent has been and is willful, and will continue unless enjoined by this Court.  Plaintiffs have suffered, and will continue to suffer, irreparable harm as a result of this willful infringement.  Remedies available at law are inadequate to compensate Plaintiffs for the irreparable harm they have suffered and will continue to suffer.  In considering the balance of hardships between Plaintiffs and AGA, a remedy in equity is warranted.

## COUNT III

### (Patent Infringement of U.S. Patent 6,306,141)

21. Plaintiffs hereby incorporate by reference paragraphs 1-20 of this Complaint.

22. U.S. Patent No. 6,306,141 (the "'141 Patent"), entitled "Medical Devices Incorporating SIM Alloy Elements," duly and legally issued on October 23, 2001, to James E. Jervis (attached as Exhibit C), with INC as the named assignee.

23. INC is the current assignee of the rights under the '141 Patent.

24. On information and belief, AGA has been, and is currently infringing, directly and/or through acts of contributory infringement or inducement, one or more claims of the '141 Patent by, among other things, making, using, selling and/or offering for sale, certain medical devices, including at least the AMPLATZER® Septal Occluder, the AMPLATZER® Duct Occluder and the AMPLATZER® Vascular Plug devices, within the territorial boundaries of the United States, including this district, that embody and/or practice the inventions claimed in the '141 Patent.

25. On information and belief, AGA's infringement of the '141 Patent has been and is willful, and will continue unless enjoined by this Court. Plaintiffs have suffered, and will continue to suffer, irreparable harm as a result of this willful infringement. Remedies available at law are inadequate to compensate Plaintiffs for the irreparable harm they have suffered and will continue to suffer. In considering the balance of hardships between Plaintiffs and AGA, a remedy in equity is warranted. Plaintiffs have complied with the notice provisions of 35 U.S.C. § 287 with respect to the '141 patent.

## V.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. That AGA be adjudged to have infringed, directly and/or through acts of contributory infringement, and or to have induced infringement under 35 U.S.C. § 271 of the 5,067,957, 5,190,546, and 6,306,141 patents by, among other things, making, using, selling and/or offering for sale, certain medical devices, including at least the AMPLATZER® Septal Occluder, the AMPLATZER® Duct Occluder and the AMPLATZER® Vascular Plug devices, within the territorial boundaries of the United States;

2. That AGA, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently enjoined and restrained under 35 U.S.C. § 283 from infringing in any manner the patents-in-suit;

1      3.    That AGA be ordered to pay Plaintiffs an award of damages pursuant to 35 U.S.C.
2  § 284 to adequately compensate Plaintiffs for AGA's direct, contributory and/or inducement of
3  infringement of the patents-in-suit;
4      4.    That the award of damages to Plaintiffs be trebled pursuant to 35 U.S.C. § 284 for
5  AGA's willful infringement of the patents-in-suit;
6      5.    That this case is an exceptional case and award Plaintiffs their reasonable
7  attorneys' fees pursuant to 35 U.S.C. § 285;
8      6.    For an assessment of pre-judgment and post-judgment interest and costs against
9  AGA, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284; and
10     7.    That Plaintiffs be awarded such other and further relief as this Court may deem
11 just and proper.

Respectfully submitted,

Dated:    January 29, 2007          DECHERT LLP


By:  ___/s/ James. J. Elacqua_____
      James J. Elacqua
      Noemi C. Espinosa
      Ellen J. Wang

Attorneys for Plaintiffs
MEDTRONIC, INC.
MEDTRONIC USA, INC.
MEDTRONIC VASCULAR, INC.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand a trial by jury for all issues so triable in this action.

Dated:   January 29, 2007           DECHERT LLP


By:   /s/ James J. Elacqua
   James J. Elacqua
   Noemi C. Espinosa
   Ellen J. Wang

Attorneys for Plaintiffs
MEDTRONIC, INC.
MEDTRONIC USA, INC.
MEDTRONIC VASCULAR, INC.

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to this district's Local Rule 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Medtronic, Inc.

Medtronic USA, Inc.

Medtronic Vascular, Inc.

Dated: January 29, 2007        DECHERT LLP

By: ___/s/ James J. Elacqua___
    James J. Elacqua
    Noemi C. Espinosa
    Ellen J. Wang

Attorneys for Plaintiffs
MEDTRONIC, INC.
MEDTRONIC USA, INC.
MEDTRONIC VASCULAR, INC.