James J. Elacqua  (CSB No.: 187897)
james.elacqua@dechert.com
Noemi C. Espinosa (CSB No.: 116753)
nicky.espinosa@dechert.com
Ellen J. Wang (CSB No.: 215478)
ellen.wang@dechert.com
Michelle W. Yang (CSB No.: 215199)
michelle.yang@dechert.com
DECHERT LLP
2440 W. El Camino Real, Suite 700
Mountain View, California 94040
Telephone:  (650) 813-4800
Facsimile:  (650) 813-4848

Attorneys for Plaintiffs
MEDTRONIC, INC., MEDTRONIC
USA, INC., AND MEDTRONIC
VASCULAR, INC.

Perry R. Clark  (CSB No.: 197101)
pclark@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone:  (415) 439-1400
Facsimile:   (415) 439-1500

John M. Desmarais
jdesmarais@kirkland.com
Peter J. Armenio
parmenio@kirkland.com
Young J. Park
ypark@kirkland.com
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:   (212) 446-4900

Attorneys for Defendants
AGA MEDICAL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEDTRONIC, INC., a Minnesota corporation, MEDTRONIC USA, INC., a Minnesota corporation, and MEDTRONIC VASCULAR, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AGA MEDICAL CORPORATION, a Minnesota corporation,<br><br>Defendant. | Case No.  C07 00567 MMC<br><br>**STIPULATED PROTECTIVE ORDER AND ELECTRONIC DISCOVERY PROCEDURES** |

DECHERT LLP
ATTORNEYS AT LAW
PALO ALTO

STIPULATED PROTECTIVE ORDER
CASE NO. C07-00567 MMC
12716507.6

1. **INTRODUCTION**

    1.1. WHEREAS, the Parties believe in good faith that certain information discoverable in this case consists of trade secret or other confidential research, development or commercial information that the respective Parties maintain as proprietary in the ordinary course of business;

    1.2. WHEREAS, the Parties reasonably believe that public disclosure of such trade secret or other confidential information would cause financial and competitive harms to the disclosing Party;

    1.3. WHEREAS, the Parties believe that good cause exists for the entry of this order pursuant to Fed.R.Civ.P. Rule 26(c), which is narrowly tailored to protect the aforementioned confidential information of the Parties.

    1.4. By reason of the foregoing, the Parties, by their counsel, jointly request that this Court enter the following Stipulated Protective Order and Electronic Discovery Procedures (hereinafter, "Protective Order") in this matter.

2. **APPLICABILITY OF THIS PROTECTIVE ORDER**

    2.1. The Parties agree that the confidentiality provisions of this order shall apply to all information, documents and things subject to discovery or submitted to the Court in this Action that a Party possesses or controls and designates as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to the Protective Order. Information, documents or things obtained by a Party from another Party under this Protective Order shall be used solely for purposes of this litigation, and not for any other purpose or for any other legal proceeding, and not for any commercial or business purpose (including the pursuit of any intellectual property rights) or in any way adverse to the interests of the Producing Party. Specifically, and without limitation, such information, documents or things obtained by a Party from another Party shall not be used for any litigation other than this Action, and shall not be used in pursuit of legal rights, if any, of persons or entities not Parties to this Action. Nothing in this Protective Order shall restrict a Producing Party from

DECHERT LLP
ATTORNEYS AT LAW
PALO ALTO

1    using any Protected Material containing its own Confidential Information for any

2    purpose.

3    2.2.    The provisions of this Protective Order shall apply to properly designated

4    information, documents and things subject to discovery or submitted to the Court

5    in this action that a Party or third party possesses or controls, which information,

6    documents or things contain the designating Party's trade secrets or other

7    confidential research, development, or commercial or financial information,

8    including without limitation, testimony at depositions upon oral examination or

9    upon written questions, answers to interrogatories, documents or things produced,

10    information obtained through inspection of premises or things, and answers to

11    requests for admission.  This Protective Order also applies to all information,

12    documents or things derived from such information, documents or things,

13    including but not limited to copies, summaries, or abstracts.  Designation of

14    Confidential Information under the provisions of this Protective Order as either

15    CONFIDENTIAL or HIGHLY CONFIDENTIAL constitutes a representation that

16    counsel for the Producing Party in good faith believes that the designation is

17    appropriate under the standards set forth herein.

18    **3.**    **DEFINITIONS**

19    3.1.    "Action":  refers to the above-captioned matter, MEDTRONIC, INC.,

20    MEDTRONIC USA, INC., and MEDTRONIC VASCULAR, INC. v. AGA

21    MEDICAL CORPORATION, Case No. C07 00567 MMC, now pending in the

22    United States District Court for the Northern District of California.

23    3.2.    "Confidential Information": means any trade secret or other confidential research,

24    development or commercial information of a Producing Party that meets the

25    criteria stated in the Introduction of this Protective Order.

26    3.3.    "Counsel" (without qualifier): includes Outside Counsel and House Counsel, as

27    well as their support staffs, as defined herein.

28

DECHERT LLP
ATTORNEYS AT LAW
PALO ALTO

- 3 -

STIPULATED PROTECTIVE ORDER
CASE NO. C07-00567 MMC
12716507.6

3.4.   "Documents": means all information, documents or things within the scope of Fed.R.Civ.P. Rule 34.

3.5.   "House Counsel": means attorneys who are employees of a Party to this Action.

3.6.   "Outside Counsel": means attorneys who are not employees of a Party and whose firm has entered an appearance in this Action.

3.7.   "Party": refers to any Party to the Action, including all of its officers, directors, and employees, and its outside counsel retained by that Party for this Action, including such counsel's support staff.

3.8.   "Producing Party": refers to a Party that produces and/or designates Documents or testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to § 4 of this Protective Order.

3.9.   "Protected Material": refers to any Document or testimony that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to § 4 of this Protective Order.

3.10.   "Receiving Party": a Party that receives Documents in the Action.

3.11.   "Termination of this Action": refers to the earlier of either (a) when there is a final settlement in this Action with respect to all causes of action, or (b) when a final judgment ending this action is no longer subject to appeal.

4.   **DESIGNATION OF PROTECTED MATERIAL**

4.1.   TREATMENT OF MATERIALS DESIGNATED AS "CONFIDENTIAL"

Any Document or testimony of a Producing Party which contains Confidential Information may be designated as CONFIDENTIAL.  Material designated as CONFIDENTIAL pursuant to this Protective Order shall only be made available to the persons provided in § 5.1, and such treatment shall apply to any so designated Document, testimony, or other discovery material, all copies thereof, and all derived abstracts, summaries, or notes thereof to the extent they refer to the Confidential Information contained therein.

DECHERT LLP
ATTORNEYS AT LAW
PALO ALTO

- 4 -

STIPULATED PROTECTIVE ORDER
CASE NO. C07-00567 MMC
12716507.6

1    4.2.    TREATMENT OF MATERIALS DESIGNATED AS "HIGHLY
2            CONFIDENTIAL"

3            Any Document or testimony of a Producing Party which contains particularly

4    sensitive competitive Confidential Information may be designated as HIGHLY

5    CONFIDENTIAL.  Material designated as HIGHLY CONFIDENTIAL pursuant to

6    this Protective Order shall only be made available to the persons described in § 5.2,

7    and such treatment shall apply to any so designated Document, testimony, or other

8    discovery material, all copies thereof, and all derived abstracts, summaries, or

9    notes thereof to the extent they refer to the Confidential Information contained

10   therein.  By way of example, but not limitation, some of the types of information

11   that may be designated as HIGHLY CONFIDENTIAL include:

12           4.2.1.  The names, or other information tending to reveal the identities of a Party's

13                   suppliers, present or prospective customers, or distributors;

14           4.2.2.   Information relating to pending and not yet published patent applications;

15           4.2.3.  Financial information that is less than twelve months old, including but not

16                   limited to identifying the number of products sold, total dollar value of sales

17                   products, and profit margins for such products;

18           4.2.4.  Information constituting product specifications and/or regarding the

19                   technology used to make the accused products which is maintained as

20                   confidential;

21           4.2.5.  Technical notebooks and technical records for any accused or current

22                   products, including schematic diagrams, technical reference manuals,

23                   operations manuals, or other like non-public information; and

24           4.2.6.  Forward-looking forecasts, projections, strategies, plans or the like.

25           Other categories of HIGHLY CONFIDENTIAL information may exist.  Disputes

26   regarding whether material is properly designated as "HIGHLY CONFIDENTIAL" shall

27   be resolved in accordance with § 10.

28

DECHERT LLP
ATTORNEYS AT LAW
PALO ALTO

- 5 -

STIPULATED PROTECTIVE ORDER
CASE NO. C07-00567 MMC
12716507.6

4.3.  EXERCISE OF RESTRAINT IN DESIGNATION

Each Producing Party agrees to designate information as CONFIDENTIAL or HIGHLY CONFIDENTIAL on a good faith basis and not for purposes of harassing the Receiving Party or for purposes of unnecessarily restricting the Receiving Party's or the public's access to information concerning the lawsuit. Each Producing Party must take care to designate for protection only those Documents or testimony that qualify.

If it comes to a Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party shall promptly notify the Receiving Party that it is withdrawing the mistaken designation.

5.  **PERSONS WITH ACCESS TO PROTECTED MATERIALS**

5.1.  Persons with Access to Protected Material Designated as CONFIDENTIAL

Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any Protected Material designated as CONFIDENTIAL only to:

5.1.1.  the Receiving Party's Outside Counsel of record in this Action, as well as employees of said Outside Counsel working solely in legal, secretarial, clerical, and paralegal capacities and who are assisting those attorneys in this Action, and persons working for outsourced litigation support services for the purposes of this Action;

5.1.2.  authors, creators, addressees, and recipients of the Protected Material, who prior to the Action, lawfully received or had access to the Protected Material, including the officers, directors, or managing agents (including House Counsel) of the Producing Party;

5.1.3.  expert witnesses or consultants and the employees or agents of such experts or consultants who are assisting them for the purposes of this Action, retained by the Receiving Party or the Receiving Party's Outside Counsel in

DECHERT LLP
ATTORNEYS AT LAW
PALO ALTO

- 6 -

STIPULATED PROTECTIVE ORDER
CASE NO. C07-00567 MMC
12716507.6

1   connection with this Action, after compliance with the procedures of § 5.2.2

2   of this Protective Order;

3   5.1.4.  licensed stenographers, videographers, and their staffs retained for this

4   Action;

5   5.1.5.  the Court and its personnel, and

6   5.1.6.  no more than four officers, directors, or employees (including House

7   Counsel) of Plaintiffs and no more than four officers, directors, or employees

8   (including House Counsel) of Defendant, whose cooperation or assistance is

9   reasonably necessary to enable each Party's Outside Counsel to prepare for trial in

10   this Action.  Plaintiffs or Defendant may substitute an individual holding one of the

11   so-identified positions, without prior notice to the other Party, if such a person

12   terminates his or her position as an officer, director or employee, so long as no

13   more than four such persons at any time are in possession of or receives Protected

14   Material from the Producing Party.  Each Party shall notify the other Party of the

15   names and titles of its initial designees under this provision in writing.  No

16   disclosure of Protected Material to each named designee shall occur until seven (7)

17   business days after such written notification.  If the other Party objects to one of

18   the designees, the objecting Party must notify the designating Party of such

19   objection within the seven business days after notification of the designation.

20   Counsel for the Parties must meet and confer to try to resolve the matter.  If no

21   agreement is reached, the objecting Party may move the Court requesting that the

22   disclosure not be permitted, and it shall be the burden of the objecting Party to

23   show that the disclosure should not be made.  Such motion must be filed and

24   served within seven (7) business days after the written objection to disclosure;

25   failure to so move during this seven business day period will be deemed a waiver

26   of the objecting Party's objections.

27

28

Dechert LLP
Attorneys At Law
Palo Alto

- 7 -

STIPULATED PROTECTIVE ORDER
CASE NO. C07-00567 MMC
12716507.6

5.2.   Persons with Access to Protected Material Designated as HIGHLY

CONFIDENTIAL

Unless otherwise ordered by the Court or permitted in writing by the Producing

Party, a Receiving Party may disclose any Protected Material designated as

HIGHLY CONFIDENTIAL only to:

5.2.1.  the persons identified in §§ 5.1.1 through 5.1.5 above; and,

5.2.2.  up to two House Counsel for Plaintiffs and up to two House Counsel for

Defendant.  For Plaintiffs, this House Counsel shall be the Senior Legal

Counsel of Medtronic, Inc. responsible for this Action.  For Defendant,

these House Counsel shall be the Chief Legal Officer and General Counsel

of AGA Medical Corporation.  Plaintiffs or Defendant may substitute the

House Counsel so identified without prior notice to the other Party, if such a

person terminates his or her position as House Counsel, so long as no more

than two House Counsel at any time are in possession of or receive(s)

HIGHLY CONFIDENTIAL information from the Producing Party.  Each

Party shall notify the other Party of the name and title of its initial designees

under this provision in writing.  No disclosure of HIGHLY

CONFIDENTIAL information to such named designees shall occur until

seven (7) business days after such written notification.   If the other Party

objects to a named designee, the objecting Party must notify the designating

Party of such objection within the seven business days after notification of

the designation.  Counsel for the Parties must meet and confer to try to

resolve the matter.  If no agreement is reached, the objecting Party may

move the Court requesting that the disclosure not be permitted, and it shall

be the burden of the objecting Party to show that the disclosure should not

be made.  Such motion must be filed and served within seven (7) business

days after the written objection to disclosure; failure to so move during this

DECHERT LLP
ATTORNEYS AT LAW
PALO ALTO

- 8 -

STIPULATED PROTECTIVE ORDER
CASE NO. C07-00567 MMC
12716507.6

1    seven business day period will be deemed a waiver of the objecting Party's

2    objections.

3    5.2.3.   Persons for Whom A Signed Declaration and Agreement to be Bound by

4              Protective Order is Required

5    Prior to disclosure of any Protected Material to any person who is not a Party, such

6    as a person to be designated under § 5.1.3 (hereinafter referred to as "Expert"),

7    such Expert will comply with the notification procedure set forth in §5.3 below.

8    Before disclosure of any Protected Material subject to this Protective Order is

9    made to such Expert, Outside Counsel for the Receiving Party seeking to disclose

10   such information shall obtain a written Declaration and Agreement to be Bound by

11   Protective Order, in the form attached hereto as Exhibit A.  All original signed

12   forms of Declaration and Agreement to be Bound by Protective Orders shall be

13   maintained by the Outside Counsel who obtained such agreement at least until the

14   Termination of this Action.

15   5.3.   Notification Required Prior to Disclosures to Experts

16   Prior to disclosure of any Protected Material to any person intended to serve as an

17   Expert in this Action, the following conditions must first be met:

18   5.3.1.   Outside Counsel for the Receiving Party wishing to disclose Protected

19            Material to such Expert must notify the Producing Party's Counsel in

20            writing of the intent to disclose Protected Material.  Such notice must

21            include:

22            5.3.1.1.   a copy of an executed Declaration and Agreement to be Bound by

23                       Protective Order in compliance with § 5.2.2;

24            5.3.1.2.   a true and accurate copy of the Expert's current curriculum vitae or

25                       resume describing his or her present and past five (5) years of

26                       employment, including all consulting agreements or arrangements

27                       during this period;

28

DECHERT LLP
ATTORNEYS AT LAW
PALO ALTO

- 9 -

STIPULATED PROTECTIVE ORDER
CASE NO. C07-00567 MMC
12716507.6

5.3.1.3.  a statement indicating whether or not the Expert was a past employee or is a current shareholder of (1) a Party, or (2) any subsidiaries of a Party.

5.3.1.4.  In the event that the proposed Expert is not a natural person, but is a business entity (such as a firm retained to provide trial graphics or jury consulting services for this Action), such business entity shall provide a statement indicating whether or not it has ever been engaged by a Party or any subsidiaries of a Party, as well as a Declaration and Agreement to be Bound by Protective Order executed as required by § 5.2.2 by an authorized representative of such entity.

5.3.2.  No disclosure of Protected Material to the Expert shall occur until seven (7) business days after all of the requirements set forth in § 5.3 have been met. If the Producing Party objects in writing within this seven business day period, and such written objection sets forth in detail the grounds on which it is based, no disclosure of Protected Material shall be made to that Expert.

5.3.3.  If the Producing Party objects to the disclosure, the Producing Party and the Receiving Party who wishes to make the disclosure must meet and confer to try to resolve the matter.  If no agreement is reached, the Producing Party may move the Court requesting that the disclosure not be permitted, and it shall be the burden of the Producing Party to show that the disclosure should not be made.  Such motion must be filed and served within seven (7) business days after the written objection to disclosure; failure to so move during this seven business day period will be deemed a waiver of the Producing Party's objections.

6.    **MARKING OF PROTECTED MATERIAL**

6.1.    All Documents produced by any Party shall, to the extent possible, be numbered (e.g., Bates numbered) using a prefix bearing the Party's name or an abbreviation thereof, such as an acronym or the first three letters of its name so long as the

DECHERT LLP
ATTORNEYS AT LAW
PALO ALTO

- 10 -

STIPULATED PROTECTIVE ORDER
CASE NO. C07-00567 MMC
12716507.6

abbreviation differs from all other names/abbreviations. The prefix should be used on a consistent basis and in a manner which makes clear the identity of the Producing Party. Confidential Information shall be designated as either CONFIDENTIAL or HIGHLY CONFIDENTIAL within the meaning of this Protective Order in the following manner:

6.1.1. <u>Documents</u>: Any Document produced during discovery or otherwise disclosed in this Action, and any information contained therein, may be designated by the Producing Party as CONFIDENTIAL or HIGHLY CONFIDENTIAL by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" prior to production, service, or filing. Such legend shall be placed in a prominently visible location upon the first page of the Document containing Confidential Information and upon each page within such Document.

6.1.2. <u>Magnetic or Optical Media Documents</u>: Where a Document is produced in a magnetic medium (such as a floppy diskette or tape), an optical medium (such as a compact disc (CD) or digital versatile disc (DVD)), or other medium of data storage, the cartridge, reel, or medium container shall be marked with the appropriate legend as described in § 6.1.1 above. To the extent possible, any information or documents contained on the media shall also be marked in the manner described in § 6.1.1.

6.1.3. <u>Tangible Items</u>: Where a physical exhibit or other tangible item is produced, designation shall be made by marking the item in a prominently visible location as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if practicable or, if not practicable, by placing such marking prominently on a package or container associated with the item.

6.1.4. <u>Discovery Responses</u>: Where Confidential Information is incorporated into written answers to interrogatories, document requests or responses to requests for admission, a designation shall be made by placing in a

DECHERT LLP
ATTORNEYS AT LAW
PALO ALTO

- 11 -

STIPULATED PROTECTIVE ORDER
CASE NO. C07-00567 MMC
12716507.6

1   prominently visible location on the first page and all subsequent pages the

2   legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

3   6.1.5.   Originals: Where original files and records are produced for inspection, no

4   marking need be made by the Producing Party in advance of the inspection.

5   For the purposes of the inspection, all Documents or items produced shall

6   be considered as designated "HIGHLY CONFIDENTIAL." Thereafter,

7   upon selection of specified Documents for copying by the Receiving Party,

8   the Producing Party shall mark the copies of such Documents as may

9   contain Confidential Information in accord with §§ 6.1.1 - 6.1.2 of this

10  Protective Order at the time the copies are produced to the Receiving Party.

11  6.1.6.   Testimonial Documents:  Where a Producing Party provides an affidavit,

12  declaration, expert report, or other written witness testimonial, designation

13  shall be made as provided by § 6.1.1 - 6.1.2.

14  6.1.7.   Court Filings: Any Document, pleading, or tangible item which contains

15  Confidential Information, if filed or submitted to the Court, shall be

16  designated as provided in § 6.1.1 - 6.1.2. and filed under seal pursuant to

17  the provisions of Local Rule 79-5.

18  6.1.8.   Deposition Testimony: Designation of portions, or the entirety, of

19  deposition transcripts (including exhibits) as "CONFIDENTIAL" or

20  "HIGHLY CONFIDENTIAL" shall be made by a statement to such effect

21  on the record in the course of the deposition, or upon review of such

22  transcript by Counsel for the Producing Party within fifteen (15) business

23  days after Counsel's receipt of the transcript.  Until the expiration of the

24  fifteen (15) business day time period, deposition transcripts will be treated

25  by the Parties as "HIGHLY CONFIDENTIAL," in their entirety.  Upon

26  designation of the transcript or a portion thereof on the record during the

27  deposition, the Producing Party shall be allowed to exclude all persons to

28  whom access to Protected Material has been denied under the terms of this

DECHERT LLP
ATTORNEYS AT LAW
PALO ALTO

- 12 -

STIPULATED PROTECTIVE ORDER
CASE NO. C07-00567 MMC
12716507.6

1         Protective Order for the portion of the deposition that contains Protected

2         Material.  The Court Reporter or other person recording the proceedings

3         shall segregate any portion of the transcript of the deposition which has

4         been stated to contain "HIGHLY CONFIDENTIAL" Information and may

5         furnish copies of these segregated portions, in a sealed envelope, only to the

6         deponent as required by law and such other persons as provided by §5.2 of

7         this Protective Order.

8         Designations made within fifteen (15) business days after receipt of a

9         transcript of a deposition shall be made by sending written notice to the

10         Court Reporter, to Counsel for all Parties to this Action, and to any other

11         person known to have a copy of said transcript.  The notice shall reference

12         this Protective Order and identify the pages and/or exhibits or the transcript

13         so designated.  All copies of transcripts thus designated shall be marked

14         with a notice indicating the confidentiality of the material therein and shall

15         be governed by the terms of this Protective Order.

16   **7.**     **PROCEDURES GOVERNING HANDLING OF PROTECTED MATERIAL**

17         Protected Material must be stored and maintained by a Receiving Party at a secure

18 location and in a secure manner at all times to ensure that access is limited to the persons

19 authorized under this Protective Order.  Upon Termination of this Action, a Receiving

20 Party must comply with the Provisions of § 14.

21   **8.**     **CORRECTION OF INADVERTENT FAILURE TO DESIGNATE**

22         If, through inadvertence, a Producing Party provides to a Receiving Party any

23 information pursuant to this Action without designating the information as

24 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, the Producing Party

25 may subsequently inform the Receiving Party of the "CONFIDENTIAL" or "HIGHLY

26 CONFIDENTIAL" nature of the disclosed information, and the Receiving Party shall

27 immediately treat the disclosed information as "CONFIDENTIAL" or "HIGHLY

28 CONFIDENTIAL" information upon receipt of such written notice.  To the extent the

DECHERT LLP
ATTORNEYS AT LAW
PALO ALTO

- 13 -

STIPULATED PROTECTIVE ORDER
CASE NO. C07-00567 MMC
12716507.6

1    Receiving Party has already disclosed such information, such disclosure shall not be a

2    violation of this Protective Order, but the Receiving Party shall promptly collect any

3    copies of disclosed material that have been provided to individuals other than those

4    authorized under this Protective Order, and shall destroy or return them to the Producing

5    Party.

6  **9.**    **SCOPE OF PROTECTIVE ORDER**

7        The restrictions set forth in this Protective Order will not apply to information

8    which is in the lawful possession of, or otherwise known to, the Receiving Party or the

9    public before the date of its transmission to the Receiving Party and not otherwise subject

10   to a confidentiality agreement.  Similarly, the restrictions set forth in this Protective Order

11   will not apply to information which comes into the lawful possession of, or becomes

12   known to, the Receiving Party or the public after the date of its transmission to the

13   Receiving Party and not otherwise subject to a confidentiality agreement, provided that

14   such information does not become publicly known by any act or omission of the

15   Receiving Party, its employees, or agents which would be in violation of this Protective

16   Order or other confidentiality agreement.

17 **10.**   **CONTESTING DESIGNATION OF CONFIDENTIALITY**

18       Acceptance by a Party of Protected Material designated as "CONFIDENTIAL" or

19   "HIGHLY CONFIDENTIAL" shall not constitute a concession that the Protected Material

20   contains Confidential Information.  Any Party may contest a claim of confidentiality.  If

21   the Receiving Party disagrees with the designation and marking by the Producing Party of

22   any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," then the Parties

23   shall first try to resolve such disputes on an informal basis.  If agreement cannot be

24   reached between Counsel, then such dispute may be presented to the Court by any Party

25   by motion or otherwise.  In the resolution of such matter, the burden of establishing that

26   the material contains Confidential Information shall be on the Producing Party, but

27   information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be

28   treated as such by the Receiving Party until the matter is resolved.

DECHERT LLP
ATTORNEYS AT LAW
PALO ALTO

- 14 -

STIPULATED PROTECTIVE ORDER
CASE NO. C07-00567 MMC
12716507.6

1 **11.    ELECTRONIC DISCOVERY PROCEDURES**

2    11.1.   **ELECTRONIC RECORDS**

3       Electronically stored documents or records that are reasonably related to the patent claims,

4 defenses, and counterclaims in this case shall be subject to discovery in this Action, with the

5 exception of electronic mail ("email") communications.

6       11.1.1. <u>No email searches required to respond to discovery requests:</u>  The Parties agree

7          that absent good cause shown, or a subsequent agreement between the Parties, the

8          cost and overall burden of attempting to search electronic mail ("email") in the

9          discovery process for this Action outweighs the potential benefits of finding any

10         information that may lead to admissible evidence.  Therefore, the Parties agree

11         that in responding to written interrogatories, requests for production of documents

12         or things or requests for admissions, unless a particular email transmission is

13         identified by the Receiving Party with sufficient specificity so as to be reasonably

14         retrieved without resort to forensic techniques (i.e., by specifying the author,

15         recipient(s), dates sent or received and subject matter of an email) a Producing

16         Party is not required to conduct a search of its email records to provide responses

17         to such discovery requests.

18    11.2.   **FORMAT OF ELECTRONIC PRODUCTION**

19       The Parties agree that they will produce electronically stored information in a

20       format usable by the Receiving party on CD-ROMs or DVDs, or as paper copies,

21       with any Protected Material originating from electronically stored information

22       designated as provided by §6 of this Protective Order.  The Parties will not

23       generally be required to produce any documents in native format, or to produce any

24       "metadata" or "OCR" or "text capture" data associated with their Electronic

25       Records.  However, to the extent reasonably available, the Parties agree to

26       exchange certain select damages-related information (e.g., summary sales data) in

27       native electronic form, such as EXCEL files.  The Parties further agree to

28

DECHERT LLP
ATTORNEYS AT LAW
PALO ALTO

- 15 -

STIPULATED PROTECTIVE ORDER
CASE NO. C07-00567 MMC
12716507.6

1    cooperate in exchanging sample production files to ensure that a Producing Party's

2    Electronic Records are compatible with the Receiving Party's electronic systems.

3    **12.    <u>NO LIMITATION OF OTHER RIGHTS</u>**

4    This Protective Order shall be without prejudice to the right of any Party to oppose

5    production of any information on any and all grounds other than confidentiality.  Further,

6    nothing in this Protective Order prevents a Party from disclosing its own documents and

7    information as it sees fit.

8    **13.    <u>RELIEF FROM , MODIFICATION, OR ENFORCEMENT OF THIS ORDER.</u>**

9    This Protective Order shall not prevent any Party from applying to the Court for

10   relief therefrom, or from applying to the Court for further or additional protective orders,

11   or from agreeing among themselves to modify or vacate this Protective Order, subject to

12   the approval of the Court.

13   The Court retains jurisdiction even after termination of this Action to enforce this

14   Protective Order and to make such amendments, modifications, deletions and additions to

15   this Protective Order as the Court may from time to time deem appropriate.

16   **14.    <u>RETURN OF CONFIDENTIAL INFORMATION.</u>**

17   At the Termination of this Action, all Protected Material received from a

18   Producing Party and still in the Receiving Party's possession, and all copies thereof, upon

19   the Producing Party's written request, shall be returned to Counsel for the Producing

20   Party, or, at the Receiving Party's option, destroyed by Counsel for the Receiving Party.

21   In the case where the latter option is used, within thirty (30) days of the Termination of

22   this Action, Counsel for the Receiving Party shall notify Counsel for the Producing Party,

23   in writing, verifying that such destruction has taken place.  The provisions of this

24   Protective Order insofar as it restricts the disclosure, communication of, and use of,

25   Protected Material produced hereunder to a Receiving Party shall continue to be binding

26   on such Receiving Party after the Termination of this Action.

27   //

28   //

DECHERT LLP
ATTORNEYS AT LAW
PALO ALTO

- 16 -

STIPULATED PROTECTIVE ORDER
CASE NO. C07-00567 MMC
12716507.6

15. **DISCOVERY FROM THIRD PARTIES.**

If discovery is sought of a person not a Party (a "Third Party") requiring disclosure of such Third Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information disclosed by such Third Party will be accorded the same protection as the Parties' "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, and will be subject to the same procedures as those governing disclosure of the Parties' "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information pursuant to this Protective Order.

16. **ATTORNEY ADVICE TO CLIENT**

This Protective Order shall not bar Counsel in the course of rendering advice to his or her client with respect to this Action from conveying to any Party client an evaluation in a general way of Protected Material produced or exchanged under this Protective Order; provided, however, that in rendering such advice and otherwise communicating with the client, Counsel shall not disclose the specific contents, directly or indirectly, of any Protected Material produced under this Protective Order, which disclosure would be contrary to the terms of this Protective Order.

17. **PRIVILEGED COMMUNICATIONS**

Privileged communications of any Counsel or Party client herein with respect to this Action that are dated on or after the date of the filing of the original Complaint in this Action need not be identified on any privilege log. Inadvertent production of Protected Material (including physical objects) to the Receiving Party shall not constitute a waiver of the attorney-client privilege or work product immunity, if corrective measures in accordance with this section are promptly taken. Any Producing Party that inadvertently produces privileged materials may obtain the return of those materials after discovering the inadvertent production by promptly notifying the Receiving Party of the privilege claim and providing a privilege log for any such materials that are dated prior to the filing of the original Complaint. The Receiving Party shall then gather and return to the Producing Party or destroy all copies of the privileged material and any other documents

DECHERT LLP
ATTORNEYS AT LAW
PALO ALTO

- 17 -

STIPULATED PROTECTIVE ORDER
CASE NO. C07-00567 MMC
12716507.6

1    reflecting that material.

2    **18.    DRAFTS OF EXPERT REPORTS**

3         The Parties agree that no Party or testifying expert witness is required to maintain

4    or produce drafts of expert reports or communications with Counsel relating solely to

5    those drafts; however, in all other respects, the Parties and their experts shall fully comply

6    with the disclosure requirements of Rule 26(2)(B) of the Federal Rules of Civil Procedure.

7    **19.    OUTSIDE PARTY DISCOVERY REQUESTS FOR PROTECTED MATERIALS**

8         If any Protected Material received under this Protective Order and in the possession,

9    custody, or control of any Receiving Party is sought by subpoena, request for production of

10   documents, interrogatories, or any other form of discovery request or compulsory process,

11   including any form of discovery request or compulsory process of any Court, administrative,

12   regulatory or legislative body, or any other person or tribunal purporting to have opportunity to

13   seek such information by compulsory process or discovery request, including private Parties, the

14   Receiving Party to whom the process or discovery request is directed shall: (i) within five (5)

15   business days after receipt thereof, give written notice of such process or discovery request,

16   together with a copy thereof, to Counsel for the Producing Party; and (ii) not produce any

17   Protected Material until such time as the Producing Party has had a reasonable opportunity to

18   object or seek to quash such process or discovery request.

19

20

21

22

23

24

25

26

27

28

DECHERT LLP
ATTORNEYS AT LAW
PALO ALTO

- 18 -

STIPULATED PROTECTIVE ORDER
CASE NO. C07-00567 MMC
12716507.6

1   **STIPULATION**

2       It is hereby stipulated and requested that the foregoing Protective Order be entered by the

3   Court.  It is further stipulated that the Parties will abide by this Protective Order from the date of

4   execution of this Stipulation by counsel for all of the Parties.  The Parties, through their

5   undersigned counsel, respectfully request that the Court enter this stipulation as an Order.

6   **SO STIPULATED:**

7   Dated: August 29, 2007                          DECHERT LLP

8

9                                                   By: _Noemi C. Espinosa_

10                                                  James J. Elacqua
                                                    Noemi C. Espinosa
11                                                  Ellen J. Wang

12                                                  Attorneys for Plaintiffs
                                                    MEDTRONIC, INC., MEDTRONIC USA, INC.,
13                                                  and MEDTRONIC VASCULAR, INC.

14  Dated: August 29, 2007                          KIRKAND & ELLIS LLP

15

16                                                  By: _Perry R. Clark_

17                                                  Perry R. Clark

18                                                  Attorneys for Defendant
                                                    AGA MEDICAL CORPORATION

19

20

21

22

23

24

25

26

27

28

DECHERT LLP
ATTORNEYS AT LAW
PALO ALTO

- 19 -

STIPULATED PROTECTIVE ORDER
CASE NO. C07-00567 MMC
12716507.6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ORDER

**PURSUANT TO STIPULATION,  IT IS SO ORDERED.**

DATED:___August 30_____, 2007

_____
HONORABLE MAXINE M. CHESNEY
JUDGE OF THE U.S. DISTRICT COURT

DECHERT LLP
ATTORNEYS AT LAW
PALO ALTO

- 20 -

STIPULATED PROTECTIVE ORDER
CASE NO. C07-00567 MMC
12716507.6

1

## **EXHIBIT A**

2

### **DECLARATION AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

3

I, _____, declare under penalty of perjury that:

4

I have read and understand the annexed Protective Order ("Protective Order") that has

5

been signed and entered in this Action.

6

I have been retained by [Party]_____ as a [role]

7

_____ for this Action.

8

I hereby agree to be bound by and comply with the terms of the Protective Order, and not

9

to disseminate or disclose any information subject to the Protective Order that I either review or

10

about which I am told, to any person, entity, Party, or agency for any reason, except in

11

accordance with the terms of this Protective Order.

12

I am aware that if I violate the provisions of this Protective Order, the Court may order the

13

entry of contempt sanctions against me.

14

I further agree to submit to the jurisdiction of this Court for the purposes of enforcement

15

of the terms of this Protective Order.

16

DATED this _____ day of _____, 200__.

17

_____

18

**(Signature***)*

19

_____

20

**(Typed Name)**

21

_____

**(Title)**

22

23

24

25

26

27

28

DECHERT LLP
ATTORNEYS AT LAW
PALO ALTO

- 21 -

STIPULATED PROTECTIVE ORDER
CASE NO. C07-00567 MMC
12716507.6