IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC, INC., et al.,

    Plaintiffs

v.

AGA MEDICAL CORPORATION,

    Defendant

                              /

No. C 07-567 MMC

**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

     Before the Court is defendant AGA Medical Corporation's ("AGA") "Motion for Leave to File Motion for Reconsideration of Order Construing Claims," filed February 20, 2008, by which AGA seeks reconsideration of the Court's order, filed February 6, 2008, to the extent such order adopted plaintiffs Medtronic, Inc., Medtronic USA, Inc., and Medtronic Vascular, Inc.'s (collectively, "Medtronic") construction of the term "stent."

     In its order of February 6, 2008, the Court construed the term "stent" to mean "a supporting device." (See Order Construing Claims at 3:4-7.) AGA seeks reconsideration of said finding, on the asserted ground that the Court's methodology in construing the term did not follow the principles set forth in Phillips v. AWH Corp., 415 F.3d 1303 (Fed. Cir. 2005). Specifically, AGA argues, the Court did not follow "the proper procedure for construing claim terms," (see Motion at 2:12-14), based on AGA's assertion that the Court first considered dictionary definitions and other extrinsic evidence before looking to the

1 specification, (see id. at 4:23-25).

2 Having again reviewed the issue, the Court finds no basis upon which to reconsider its prior decision. In Phillips, the Federal Circuit held that a court is not "barred from considering any particular sources or required to analyze sources in any specific sequence, as long as those sources are not used to contradict claim meaning that is unambiguous in light of the intrinsic evidence." See Phillips, 415 F.3d at 1324. The court also recognized that "judges are free to consult dictionaries and technical treatises at any time in order to better understand the underlying technology and may also rely on dictionary definitions when construing claim terms, so long as the dictionary definition does not contradict any definition found in or ascertained by a reading of the patent documents." See id. at 1322-23 (internal quotation and citation omitted).

Here, in construing the term "stent," the Court properly considered both intrinsic evidence, including the use of the term in the patent specification, and extrinsic evidence, including dictionary definitions provided by both Medtronic and AGA.[1] Contrary to AGA's argument, the Court, as noted, need not consult sources in any particular order of succession; rather, the Court's duty is to ensure appropriate weight is given to each source, regardless of the sequence in which such sources are considered. See id. at 1324 (holding "[t]he sequence of steps used by the judge in consulting various sources is not important; what matters is for the court to attach the appropriate weight to be assigned to those sources . . . ."). In the instant case, the Court gave the requisite weight to the term's use in the specification and did not use extrinsic evidence "to contradict claim meaning that

//
//
//
//

---

[1] Indeed, AGA's initial argument in support of its construction of the term "stent" is premised on the dictionary definition of the term found in Stedman's Medical Dictionary. (See AGA's Responsive Claim Constr. Brief at 15:2-6.)

2

1 | is unambiguous in light of the intrinsic evidence." See id.
2 |     Accordingly, AGA's motion is hereby DENIED.
3 |     **IT IS SO ORDERED**.
4 | Dated: February 28, 2008

                              MAXINE M. CHESNEY
                              United States District Judge