IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDTRONIC, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>AGA MEDICAL CORPORATION,<br><br>　　　　Defendant.　　　　　　　　　／ | No. C-07-567 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER** |

　　　　Before the Court is defendant's "Motion for Leave to Amend Its Answer," filed November 14, 2008, by which defendant seeks leave to add a defense of prosecution laches and to add additional allegations to its defense of inequitable conduct. Plaintiffs have filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for December 19, 2008, and rules as follows.

## BACKGROUND

　　　　On January 29, 2007, plaintiffs filed the instant action. On April 4, 2007, defendant filed an answer. In its answer, defendant pleaded seven affirmative defenses, including inequitable conduct; defendant did not plead the defense of prosecution laches. On November 7, 2008, defendant, in a response to an interrogatory, asserted that one of the patents in suit, United States Patent Number 6,306,141 ("'141 patent"), is "unenforceable on the grounds of prosecution laches." (See Mot. at 5; Hemminger Decl. Ex. C (Def.'s

Responses and Objections to Pls.' Fourth Set of Interrogatories), at 13.)  In that same response, defendant further asserted two additional "example[s]" of inequitable conduct not pleaded in its answer.  (See Hemminger Decl. Ex. C, at 18-20.)  Specifically, with respect to its inequitable conduct defense, defendant stated that during the prosecution of three patents that are "part of the same family of patents" as the patents in suit (see Answer ¶ 37), "the named inventor and/or others with a duty of candor and good faith in dealing with the [United States Patent and Trademark Office]" failed to disclose a material prior art reference (see Hemminger Decl. Ex. C, at 18-19) and that "the individuals involved with the prosecution" of one of the patents in the above-referenced family, "submitted a Declaration of Dr. Lee Middleman that contained misrepresentations regarding the content of prior art references," in each instance with the "intent to deceive or mislead" the patent examiner (see id. at 20).

In their opposition, plaintiffs contend defendant knew or should have known the facts relevant to its proposed amendments from at least the time of the inception of the action and that defendant has failed to explain its delay in seeking leave to amend.  Plaintiffs further argue that, because the deadline to disclose expert witnesses has passed and the fact discovery deadline will have passed on December 19, 2008, plaintiffs will be prejudiced by the addition of defendant's proposed prosecution laches defense because they will not have time to locate either the attorneys involved with the prosecution of the relevant patents or an expert witness on prosecution of patents before the USPTO.  Additionally, plaintiffs contend defendant's proposed amendments are futile.

**DISCUSSION**

A district court "should freely give leave when justice so requires."  See Fed. R. Civ. P. 15(a)(2).  In determining whether leave to amend is appropriate, "four factors are commonly used," specifically, "bad faith, undue delay, prejudice to the opposing party, and futility of amendment."  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).  The factors, however, "are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend."  See id.  Additionally, "it is the consideration of

prejudice to the opposing party that carries the greatest weight." See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); see also DCD Programs, 833 F.2d at 187 (noting "[t]he party opposing amendment bears the burden of showing prejudice").

**A. Prosecution Laches**

As noted, plaintiffs assert that defendant has failed to adequately explain its delay in moving for leave to amend to add its prosecution laches defense. Defendant states it learned, on October 23, 2008, of a petition filed by plaintiffs "asking to extend the term of the '141 patent another three years" (see Hemminger Decl. ¶ 5); defendant asserts that had it been aware "of this additional effort in June, 2008," it would have moved for leave to amend at that time (see Mot. at 4). Defendant has failed, however, to explain why it did not already possess sufficient factual information to assert the defense of prosecution laches, in that it was provided the relevant prosecution history at the inception of the action, and why, consequently, it did not move for leave to amend until almost 22 months after the filing of the action. See Amerisourcebergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 953-54 (9th Cir. 2006) (affirming denial of leave to amend where fifteen months passed between discovery of proposed claim and motion for leave, despite fact that "eight months of discovery remained"). Consequently, defendant has failed to show its delay in seeking to amend is justified.

Although unjustified delay, as noted, is not dispositive, plaintiffs here assert they would be prejudiced by the addition of the proposed prosecution laches defense because, in order to prepare a response thereto, plaintiffs would not only need to locate an expert witness on prosecution of patents before the USPTO, but also the eight attorneys who were involved in the prosecution of the instant family of patents during a period of 18 years, from 1983 to 2001. Plaintiffs assert they do not have sufficient time to complete such work prior to the relevant discovery deadlines. Defendant contends "[t]he facts relating to prosecution laches all reside with [plaintiffs]" (see Mot. at 4:1) and that plaintiffs, from the outset of the action, have been on notice of the need to obtain an expert on prosecution laches because

3

"inequitable conduct and laches are already at issue in this case" (see id. at 3:21). Defendant does not dispute, however, that the above-referenced attorneys are not agents or employees of plaintiffs, and, as plaintiffs point out, the "factual underpinnings" of laches and prosecution laches "are quite distinct." See, e.g., Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp., 500 F. Supp. 2d 1290, 1337 (D. Kan. 2007) (noting "[l]aches is concerned with a delay in bringing suit," whereas prosecution laches "is concerned with a delay in patent prosecution").

As noted, the instant action has been pending since January 2007, fact discovery has essentially closed,[1] and the deadline to disclose expert witnesses has passed. The Court's pretrial scheduling order was intended to afford the parties a meaningful opportunity to prepare for trial and to present their respective positions in an orderly manner. Plaintiffs' ability to prepare and present their case would be significantly prejudiced if they were, at this time, required to embark on a new round of discovery concerning a new theory of defense and to locate not only a new expert but also a considerable number of fact witnesses. See Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982) (finding party opposing amendment would have been prejudiced where amendment would have required "extensive, costly discovery").[2]

Accordingly, to the extent defendant seeks leave to amend to assert the defense of prosecution laches, the motion will be denied.

**B. Inequitable Conduct**

With respect to the timing of the proposed allegations of inequitable conduct, defendant offers the essentially uninformative explanation that it learned of additional instances of inequitable conduct "during discovery and the preparation of the case." (See

---

[1] On November 17, 2008 the Court extended the fact discovery cutoff from December 5, 2008 to December 19, 2008, "solely to permit completion of fact depositions already noticed." (See Order filed Nov. 17, 2008.)

[2] In light of the above findings, the Court does not address plaintiffs' argument that the proposed amendment would be futile.

4

Mot. at 6:12-14.) Plaintiffs, however, have failed to demonstrate they will be prejudiced by the proposed amendment. Plaintiffs have not, for example, asserted any additional witnesses will be required, nor have plaintiffs asserted their ability to respond to such allegations or to prepare for trial will otherwise be impaired.

Nor have plaintiffs shown the proposed amendment would be futile. Plaintiffs assert that the allegations concerning the alleged misrepresentations fail to meet the requirements of Federal Rule of Civil Procedure 9(b). See Fed. R. Civ. P. 9(b) (providing "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake"). In particular, plaintiffs argue, the proposed amended answer "fails to allege what [the] misrepresentations were, who made them, what their intent was in deceiving the [USPTO], or how the alleged misrepresentations were material to the patentability of the '141 patent." (See Opp'n at 10.) Plaintiffs have failed to demonstrate, however, that any such asserted deficiencies could not be cured by further amendment. See Eminence Capital, 316 F.3d at 1052 (noting, "[a]bsent prejudice or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend") (emphasis in original).

Accordingly, to the extent defendant seeks leave to amend to assert additional allegations of inequitable conduct, the motion will be granted.

## CONCLUSION

For the reasons stated above:

1. To the extent defendant seeks leave to amend its answer to assert additional allegations of inequitable conduct, the motion is hereby GRANTED.

2. In all other respects, the motion is hereby DENIED.

3. Defendant shall file its Amended Answer no later than January 20, 2009.

**IT IS SO ORDERED.**

Dated: December 17, 2008

MAXINE M. CHESNEY
United States District Judge

5