IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDTRONIC, INC., et al., | No. C-07-0567 MMC |
| Plaintiffs, | **ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS** |
| v. | |
| AGA MEDICAL CORPORATION, | |
| Defendant. | |

Before the Court is defendant AGA Medical Corporation's ("AGA") "Motion for Leave to Amend Its Answer and Counterclaims," filed January 21, 2009. Plaintiffs Medtronic, Inc., Medtronic USA, Inc., and Medtronic Vascular, Inc. (collectively, "Medtronic") have filed opposition, to which AGA has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for February 20, 2009, and rules as follows.

**BACKGROUND**

The instant motion represents AGA's second request to amend its Answer and Counterclaims. Earlier, on November 14, 2008, AGA moved to amend its answer to add a defense of prosecution laches and to add further allegations in support of its defense of inequitable conduct. On December 17, 2008, the Court granted in part and denied in part

AGA's earlier motion. (See Order filed Dec. 17, 2008.) Specifically, the Court granted the motion to the extent AGA sought to assert additional instances of inequitable conduct, and denied the motion in all other respects. (See id. at 5.)

By the present motion, AGA seeks to assert a counterclaim alleging Medtronic falsely marked its AneuRx Stents with United States Patents numbers 5,067,546 and 6,306,141 (collectively, "Jervis patents") with knowledge that the patents "did not cover the AneuRx Stents" (see Mot. at 6:6-11), in violation of 35 U.S.C. § 292(a). In its opposition, Medtronic contends that AGA unduly delayed in requesting leave to amend, for the reason that AGA, by December 12, 2007, had the documents it needed to discover the facts underlying its claim. Medtronic further contends it will be prejudiced by the assertion of AGA's false marking claim; in particular, Medtronic argues that if the claim is asserted, expert discovery, which is due to close on February 27, 2009, "would necessarily be expanded" (see Opp'n at 5:16), and "jury confusion" would result (see id. at 5:19-23). Lastly, Medtronic contends AGA's false marking claim is futile, for the reason that AGA cannot proffer sufficient facts to support such claim.

**DISCUSSION**

As the Court noted in its earlier order, leave to amend should be freely given when justice so requires, see Fed. R. Civ. P. 15(a)(2), and "four factors are commonly used" in determining whether leave to amend is appropriate, specifically, "bad faith, undue delay, prejudice to the opposing party, and futility of amendment," see DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Another factor available for consideration here is whether a party has previously amended its pleading. See id. at 186 n.3. As discussed earlier, however, the factors "are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend," see id., and "it is the consideration of prejudice to the opposing party that carries the greatest weight," see Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); see also DCD Programs, 833 F.2d at 187 (noting "[t]he party opposing amendment bears the burden of showing prejudice").

//

**A.     Delay**

As noted, Medtronic contends AGA unduly delayed in requesting leave to amend to assert the proposed false marking claim.  Although ordinarily a party opposing amendment bears the burden of demonstrating that leave to amend is improper, where a "considerable period of time" has passed between the filing of the party's initial pleading and a motion for leave to amend, the burden is on the moving party "to show some valid reason for his neglect and delay."  See Carter v. Supermarkets General Corp., 684 F.2d 187, 192 (1st Cir. 1982) (internal quotation and citation omitted).  Here, AGA was served with the complaint on February 13, 2007 and filed its initial Answer and Counterclaims on April 4, 2007, i.e., more than 23 months and 21 months, respectively, prior to the filing of the instant motion.  Although AGA argues it only received discovery relevant to its proposed false marking claim in recent months, AGA does not state when it first sought such discovery, nor does it adequately explain why the documents it concededly received from Medtronic in December 2007 were not sufficient to put it on notice of the need to investigate the false marking issue earlier.  Consequently, AGA has failed to adequately justify its delay in seeking leave to amend.

**B.     Prejudice**

Medtronic further contends it will be prejudiced by AGA's assertion of its false marking claim, for the reason that the assertion of such claim will require an expansion of expert discovery and will confuse the jury.  Specifically, Medtronic argues, the assertion of such claim will bring into the case the issue of whether Medtronic's AneuRx Stents are covered by the Jervis patents, which issue would not otherwise have been part of the proceedings and which, according to Medtronic, would create confusion with the underlying issue in the action, i.e., whether AGA's products infringe the Jervis patents.  AGA contends that Medtronic, although asserting it will be prejudiced by the timing of the assertion of AGA's false marking claim, has failed to identify "any additional discovery it would need or any witnesses it would have to depose" (see Reply at 11:4-5) and has failed to support its argument concerning jury confusion.

3

The Court agrees with Medtronic that it will be prejudiced by the assertion of AGA's false marking claim. The instant action has been pending since January 2007, fact discovery has closed, both the expert discovery cutoff and dispositive motions filing deadline are less than two weeks away, and trial is scheduled to begin on June 1, 2009. Under such circumstances, even assuming, arguendo, that Medtronic does not require extensive additional expert discovery, Medtronic's ability to present the case it filed would be significantly prejudiced if, at this stage of the proceedings, it were required to begin preparing a defense to a counterclaim with a factual basis distinct from that of Medtronic's underlying claims and whose inclusion in the action would substantially expand the issues for trial. See Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 799 (9th Cir. 1991) (holding defendant "would have been unreasonably prejudiced by the addition of numerous new claims" four and a half months prior to trial, "regardless of [defendant's] argument that they were 'implicit' in the previously pleaded claims").

**C.     Prior Amendment**

As Medtronic points out, where "the court has already given a [party] one or more opportunities to amend [its pleadings]," the Court's "discretion over amendments is particularly broad." See DCD Programs, 833 F.2d at 186 n.3. Here, as noted, the Court recently afforded AGA leave to amend its Answer and Counterclaims. This factor, as well as those discussed above, weighs against granting AGA further leave to amend.[1]

**CONCLUSION**

For the reasons stated above, AGA's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: February 18, 2009

MAXINE M. CHESNEY
United States District Judge

---

[1] In light of such finding, the Court does not address Medtronic's argument that AGA's proposed false marking claim would be futile.

4