IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC, INC., et al.,

    Plaintiffs,

v.

AGA MEDICAL CORPORATION,

    Defendant.

No. C-07-0567 MMC

**ORDER GRANTING IN PART AND DENYING IN PART AGA'S ADMINISTRATIVE REQUEST TO FILE DOCUMENTS UNDER SEAL; DIRECTIONS TO AGA; DIRECTIONS TO CLERK**

    Before the Court is defendant AGA Medical Corporation's ("AGA") administrative request to file documents under seal, filed February 28, 2009.  Having read and considered the request and the declarations of Steven D. Hemminger and Joshua C. Walsh-Benson in support thereof, the Court rules as follows.

    1. With respect to Exhibit 29 to the Declaration of Steven D. Hemminger in Support of AGA's Motions for Summary Judgment ("Hemminger Summary Judgment Declaration"), the request is GRANTED.

    2. With respect to Exhibits 6, 7, 8, and 32 to the Hemminger Summary Judgment Declaration, such documents were designated confidential by plaintiffs Medtronic, Inc., Medtronic USA, Inc., and Medtronic Vascular, Inc. (collectively, "Medtronic").  Under the Local Rules of this District, where a party seeks to file under seal any material designated as confidential by another party, the submitting party must file a motion for a sealing order. See Civ. L.R. 79-5(d).  "Within five days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and

must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality." Id.

Here, Medtronic states that it does not wish to file Exhibits 6, 7, 8 or 32 to the Hemminger Summary Judgment Declaration under seal. (See Walsh-Benson Decl. ¶¶ 8, 10.) Accordingly, with respect to such documents, the request is DENIED.

3. With respect to Exhibits 1,[1] 3, 4, 33, 34, 36, 37, and 43 to the Hemminger Summary Judgment Declaration and the unredacted version of AGA's Motion for Summary Judgment of Noninfringement on the Ground that the Accused Products Do Not Exhibit Stress-Induced Martensite, the request is DENIED, for the reason that AGA's statement that it is required to file such documents under seal "[u]nder the terms of the Protective Order" (see Hemminger Decl. ¶ 4) is insufficient to establish the documents are sealable, see, e.g., Civ. L.R. 79-5(a) (providing "[a] stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal"). The Court, however, will afford AGA an opportunity to supplement its showing with respect to said documents.

Accordingly, the Clerk shall file under seal Exhibit 29 to the Hemminger Summary Judgment Declaration. If AGA wishes the Court to consider any document referenced in paragraph 2, supra, AGA shall file such document in the public record no later than March 20, 2009. If AGA wishes the Court to consider any document referenced in paragraph 3, supra, AGA, no later than March 20, 2009, shall either file such document in the public record or file a renewed administrative request to seal accompanied by a declaration establishing such document is sealable.

**IT IS SO ORDERED.**

Dated: March 13, 2009

MAXINE M. CHESNEY
United States District Judge

---

[1] Although AGA states Exhibit 1 to the Hemminger Summary Judgment Declaration was designated confidential by Medtronic (see Hemminger Decl. ¶ 3), Medtronic has noted that it so designated Exhibit 1 only because the document "contained and/or referenced material marked 'Highly Confidential' by AGA" (see Walsh-Benson Decl. ¶ 6).