IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDTRONIC, INC., et al., | No. C-07-0567 MMC |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART AGA'S ADMINISTRATIVE REQUESTS TO FILE DOCUMENTS UNDER SEAL; DIRECTIONS TO AGA; DIRECTIONS TO CLERK** |
| v. | |
| AGA MEDICAL CORPORATION, | |
| Defendant. | |

Before the Court are six administrative requests filed by defendant AGA Medical Corporation ("AGA") to file documents under seal.[1] Having read and considered the requests and the papers filed in support thereof, the Court rules as follows.

---

[1] The six administrative requests are: (1) "AGA's Administrative Request to File Documents ISO the Declaration of Dr. Thomas W. Duerig under Seal," filed March 16, 2009, (2) "AGA's Administrative Request to File Documents ISO its Opposition to Summary Judgment of No Inequitable Conduct and Declaration under Seal," filed March 14, 2009, (3) "Administrative Request to File under Seal the Declaration of John R. Barr ISO AGA's Opposition to Medtronic's Motion for Summary Judgment against AGA's Equitable Estoppel Affirmative Defense and Counterclaim," filed March 13, 2009, (4) "AGA's Administrative Request to File under Seal AGA's Opposition to Medtronic's Motion for Summary Judgment against AGA's Equitable Estoppel Affirmative Defense and Counterclaim," filed March 13, 2009, (5) "Administrative Request to File under Seal Certain Exhibits to the Declaration of Brian F. McMahon in Support of AGA's Opposition to Medtronic's Motion for Summary Judgment against AGA's Equitable Estoppel Affirmative Defense and Counterclaim," filed March 13, 2009, and (6) "Administrative Request to File under Seal Documents ISO Lawson Decl. ISO AGA's Opposition to Medtronic's Motion for Summary Judgment that the Cragg Filter Experiments Are Not Prior Art under 35 U.S.C. §§ 102 or 103 and that the Cragg/Amplatz II Paper Is Not Anticipating under § 102," filed March 13, 2009.

1. With respect to Exhibits 3, 9, 10-15, 18-25, and 27-37 to the Declaration of Steven D. Hemminger in Support of AGA's Opposition to Medtronic's Motion of No Inequitable Conduct ("Hemminger Declaration"), Exhibits B, D, E, F, H, I, J, L, M, N, O to the Declaration of Brain F. McMahon ("McMahon Declaration"), Exhibit 1 to the Declaration of Lance A. Lawson ("Lawson Declaration"), the unredacted version of the Declaration of John R. Barr ("Barr Declaration") and Exhibit 1 thereto, the unredacted version of the Declaration of Dr. Thomas W. Duerig ("Duerig Declaration") and Exhibit H thereto, and the unredacted versions of AGA's Opposition to Medtronic's Motion for Summary Judgment against AGA's Equitable Estoppel Affirmative Defense and Counterclaims, AGA's Opposition to Medtronic's Motion for Summary Judgment of No Inequitable Conduct, and AGA's Opposition to Medtronic's Motion that the Cragg Filter Experiments Are Not Prior Art under 35 U.S.C. § 102 or § 103 and that the Cragg/Amplatz II Paper is Not Anticipating under § 102, the requests are GRANTED.

2. With respect to Exhibits 1, 5, 16, 17, 26, and 38 to the Hemminger Declaration, Exhibit 2 to the Lawson Declaration, Exhibit A to the McMahon Declaration, and Exhibit C to the Duerig Declaration, AGA states such documents have been designated confidential by plaintiffs Medtronic, Inc., Medtronic USA, Inc., and Medtronic Vascular, Inc. (collectively, "Medtronic"). Under the Local Rules of this District, where a party seeks to file under seal any material designated as confidential by another party, the submitting party must file a motion for a sealing order. See Civ. L.R. 79-5(d). "Within five days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality." Id.

Here, in its responsive declaration, Medtronic does not state that it seeks to have such documents filed under seal. (See Yang Decl. ¶¶ 5-9.) Accordingly, with respect to Exhibits 1, 5, 16, 17, 26, and 38 to the Hemminger Declaration, Exhibit 2 to the Lawson Declaration, Exhibit A to the McMahon Declaration, and Exhibit C to the Duerig Declaration, the requests are DENIED.

Accordingly, the Clerk shall file under seal the above-referenced documents found in section 1 above to be sealable. If AGA wishes the Court to consider any document not found to be sealable, AGA shall file such document in the public record no later than March 27, 2009.

**IT IS SO ORDERED.**

Dated:  March 24, 2009

_____
MAXINE M. CHESNEY
United States District Judge