IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC, INC., et al.,

    Plaintiffs,

v.

AGA MEDICAL CORPORATION,

    Defendant.

No. C-07-0567 MMC

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT ON GROUND THAT ACCUSED PRODUCTS DO NOT EXHIBIT STRESS-INDUCED MARTENSITE**

    Before the Court is defendant AGA Medical Corporation's ("AGA") "Motion for Summary Judgment (#1) of Noninfringement on the Ground that the Accused Products Do Not Exhibit Stress-Induced Martensite," filed February 27, 2009.  Plaintiffs Medtronic, Inc., Medtronic USA, Inc., and Medtronic Vascular, Inc. (collectively, "Medtronic") have filed opposition, to which AGA has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

**DISCUSSION**

    The majority of AGA's motion is devoted to a challenge to the admissibility of the testimony of one of Medtronic's experts, Dr. Robert Sinclair ("Sinclair"), under Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).  On the showing made thus far, however, the Court is not persuaded that Sinclair's opinions fail to pass muster under Daubert.  See id. at 592-94 (setting forth factors to be considered by district court in determining "whether

the reasoning or methodology underlying the testimony is scientifically valid and [ ] whether that reasoning or methodology properly can be applied to the facts in issue"); see also Imonex Servs., Inc. v. W.H. Munzprufer Dietmar Trenner GmbH, 408 F.3d 1374, 1381 (Fed. Cir. 2005) (holding, where party "did not present any competent testimony of its own specifically addressing the Daubert factors," district court did not err by admitting testimony of opposing party's expert).  Accordingly, to the extent AGA seeks an order excluding Sinclair's opinion testimony, the motion will be denied without prejudice to the issue being raised again at a later stage of the proceedings.

AGA further argues that, even if Sinclair's opinions are admissible, they do not show the accused products "actually exhibit" stress-induced martensite (see Mot. at 22:20-22), as required by the Court's construction of the terms of the patents-in-suit (see Order Construing Claims at 2 n.3).  Rather, according to AGA, Sinclair's expert report and "associated testimony" show only that the products "appear" to exhibit stress-induced martensite.  (See Mot. at 22:14-16.)  AGA, however, has failed to provide any evidence in support of this argument, and, as Medtronic points out, Sinclair has opined that stress-induced martensite "is formed" in the accused products.  (See Sinclair Decl. ¶¶ 82-84, 86.)  Such evidence is sufficient to create a triable issue as to whether the accused products "actually exhibit" stress-induced martensite, and, accordingly, to the extent AGA seeks summary judgment on this ground, AGA's motion will be denied.

Next, AGA argues it is entitled to summary judgment with respect to the "eight [a]ccused [p]roduct lines" and "different product sizes" Sinclair did not examine.  (See Mot. at 23:2-4.)  Sinclair states, however, that "the nitinol wire behaves similarly for all of the [a]ccused [d]evices."  (See Sinclair Decl. ¶ 69.)  Such evidence is sufficient to create a triable issue as to whether all of the accused products exhibit stress-induced martensite, and, accordingly, to the extent AGA seeks summary judgment on this ground, AGA's motion will be denied.

Lastly, AGA argues it is entitled to summary judgment of noninfringement of claims 30, 31, 33, and 36 of United States Patent Number 5,067,967 ("'957 patent").  In response,

Medtronic states such claims "have been withdrawn." (See Opp'n at 1 n.2.) Accordingly, to the extent AGA seeks summary judgment as to such claims, AGA's motion will be denied as moot.

## CONCLUSION

For the reasons stated above:

1. To the extent AGA seeks an order excluding the testimony of Sinclair, AGA's motion is hereby DENIED without prejudice.

2. In all other respects, AGA's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 28, 2009

MAXINE M. CHESNEY
United States District Judge