IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDTRONIC, INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>AGA MEDICAL CORPORATION,<br><br>    Defendant.<br>_____/ | No. C-07-0567 MMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT THAT THE HUGHES DOCUMENT IS NOT PRIOR ART** |

    Before the Court is plaintiffs Medtronic, Inc., Medtronic USA, Inc., and Medtronic Vascular, Inc.'s (collectively, "Medtronic") "Motion for Summary Judgment that the Hughes Document Is Not Prior Art," filed February 27, 2009. Defendant AGA Medical Corporation ("AGA") has filed opposition, to which Medtronic has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

    Under 35 U.S.C. § 102, a person is not entitled to a patent if the patented invention was "described in a printed publication in this or a foreign country[ ]" either "before the invention thereof by the applicant for patent" or "more than one year prior to the date of the application for patent in the United States." See 35 U.S.C. § 102(a)-(b). In determining whether a document is a "printed publication," the "touchstone" is "public accessibility." See In re Hall, 781 F.2d 897, 898-99 (Fed. Cir. 1986). "A given reference is publicly accessible upon a satisfactory showing that such document has been disseminated or

otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, can locate it." See SRI Int'l, Inc. v. Internet Sec. Sys., Inc., 511 F.3d 1186, 1194 (Fed. Cir. 2008) (internal quotation and citation omitted).

Here, Medtronic argues AGA has no evidence that one of the documents relied upon by AGA, specifically, James L. Hughes, "Evaluation of Nitinol for Use as a Material in the Construction of Orthopedic Implants" ("Hughes document") (see Decl. Joshua C. Walsh-Benson ("Walsh-Benson Decl.") Ex. 11), was publicly accessible prior to the invention date of the patents-in-suit. In support of such argument, Medtronic asserts the Hughes document "is not a journal article or a paper that appeared in a regular periodical or scientific journal" (see Mot. at 2:12-13) and that markings on the front of the document suggest the document was housed at a single facility, specifically, the Defense Technical Information Center ("DTIC") (see Hughes document at unnumbered 1).[1] Under such circumstances, Medtronic argues, AGA must show the Hughes document was "cataloged or indexed in a meaningful way." See In re Cronyn, 890 F.2d 1158, 1161 (Fed. Cir. 1989) (holding three student theses housed only in university library and indexed only on cards "filed alphabetically by author in a shoebox" were "not accessible to the public because they had not been either cataloged or indexed in a meaningful way").

In response, AGA asserts that a document need not be cataloged or indexed if actual distribution of the document occurs. (See Opp'n at 7:10-11); see also Boileau v. Diamond, 659 F.2d 247, 248-49 (D.C. Cir. 1981) (holding report housed at DTIC was "available to the public" where copies of report were distributed during time report constituted classified document, and, after report was declassified, it was available to registered users of DTIC and "a registered user . . . requested and received a copy of the report"). To show such distribution occurred here, AGA points to an article and a report

---

[1] The DTIC, according to its website, is "the largest central resource for [Department of Defense] and government-funded scientific, technical, engineering, and business related information available today." See DTIC Online, http://www.dtic.mil/dtic/index.html (last visited Apr. 23, 2009). It is located in Fort Belvoir, Virginia. See id.

2

whose bibliographies include citations to the Hughes document.[2]  (See Decl. Brian F. McMahon ("McMahon Decl.") Ex. 5 (C.M. Wayman, Some Applications of Shape-Memory Alloys, Journal of Metals, June 1980, at 129 ("Wayman"), 137); id. Ex. 7 (G. Aurolfi & L. Parrini, "Shape-Memory Materials: Possible Uses in the Orthopedic Field," report presented to the Italian Congresso di Biomecanica, Mar. 7, 1981 ("Aurolfi"), at 14).)[3]

Such evidence is sufficient to create a triable issue as to whether the Hughes document was sufficiently publicly accessible to constitute a "printed publication" under § 102.[4]  In particular, the above-referenced citations show that at least two "persons interested and ordinarily skilled in the subject matter or art," see SRI Int'l, 511 F.3d at 1194, were able to locate the document.  Medtronic has failed to show that, under such circumstances, AGA must present evidence that the document was indexed or cataloged.  In none of the cases cited by Medtronic was there evidence, as there is here, that anyone outside of the institution in which the asserted reference was housed had located the reference.  See id. at 1197 (noting "the record does not show that anyone accessed the [ ] paper . . . during the seven days it was posted" on Internet server); Cronyn, 890 F.2d at 1161 (finding three student theses "not accessible to the public" where titles were listed on cards filed "in a shoebox in the chemistry department library"); In re Bayer, 568 F.2d 1357, 1361 (C.C.P.A. 1978) (holding accessibility of graduate student's thesis by "three members of the graduate committee" insufficient for purposes of showing public accessibility); De Graffenried v. United States, 20 Cl. Ct. 458, 471 (1990) (distinguishing Boileau; noting

---

[2] AGA also points to an article that, it asserts, "indicat[es] that the then-ongoing study was publicly known and that publication of the Hughes document was anticipated."  (See Opp'n at 2:5-6; McMahon Decl. Ex. 6 (L. McDonald Schetky, Shape Memory Alloys, Scientific American, Nov. 1979, at 74).)  AGA has cited no authority, however, suggesting such anticipation of a publication is relevant to the question of whether the publication itself is publicly accessible under § 102.

[3] Contrary to Medtronic's argument, these citations clearly are to the Hughes document.

[4] Although AGA requests the Court "order that the Hughes document is a prior art 'printed publication' under § 102" (see Opp'n at 9:3-4), AGA has not moved for summary judgment on this issue, and, accordingly, AGA's request is hereby denied.

"[t]here is no evidence of any distribution beyond DTIC").[5]

Accordingly, Medtronic's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 28, 2009

                                           MAXINE M. CHESNEY
                                           United States District Judge

---

[5] In light of the above, the Court does not reach Medtronic's argument that a document that does not qualify as a printed publication under § 102 cannot be used to render a patented invention obvious under 35 U.S.C. § 103.

4