IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDTRONIC, INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>AGA MEDICAL CORPORATION,<br><br>    Defendant.<br>_____ / | No. C-07-0567 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART AGA'S ADMINISTRATIVE REQUEST TO FILE DOCUMENTS UNDER SEAL** |

    Before the Court is defendant AGA Medical Corporation's ("AGA") administrative request, filed June 9, 2009, to file documents under seal in support of its motions in limine. No opposition has been filed. Having read and considered the request and the declarations of Lance A. Lawson and Joshua C. Walsh-Benson filed in support thereof, the Court rules as follows.

    1. With respect to Exhibits 6-14, 18, 19, 22, 24-26, 32, 39, 42, 49, 50, and 58 to the Declaration of Lance A. Lawson in Support of AGA's Motions in Limine ("Lawson Declaration"), and the unredacted versions of AGA's motions in limine numbers 1, 2, 4, 7, and 10,[1] the request is hereby GRANTED, and the Clerk shall file said documents under seal.

---

[1] The titles of those motions are: "Motion in Limine to Preclude Medtronic from Introducing Evidence of Any Marking of Licensees' Products and Any Notice of the Patents-in-Suit Prior to Service of the Complaint (#1)," "Motion in Limine to Exclude Evidence of Standing to Sue by Medtronic USA, Inc. and Medtronic Vascular, Inc. (#2)," "Motion in Limine to Exclude Evidence and Testimony Regarding FDA Approval of Any Acceptable 'Non-Infringing Substitute (#4)," "Motion in Limine to Exclude Certain Witnesses Disclosed on the Last Day of Fact Discovery (#7)," and "Motion in Limine to Exclude Evidence of Willfulness (#10)."

2. With respect to Exhibits 20, 21, and 48 to the Lawson Declaration, and the unredacted version of AGA's motion in limine number 3,[2] AGA states such documents have been designated confidential by plaintiffs Medtronic, Inc., Medtronic USA, Inc., and Medtronic Vascular, Inc. (collectively, "Medtronic").  Under the Local Rules of this District, where a party seeks to file under seal any material designated as confidential by another party, the submitting party must file a motion for a sealing order.  See Civ. L.R. 79-5(d). "Within five days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality."  Id.

Here, Medtronic states it does not seek to file under seal Exhibits 20, 21, or 48 to the Lawson Declaration, or the unredacted version of AGA's motion in limine number 3.  (See Walsh-Benson Decl. ¶¶ 16, 17, 21, 22.)  Accordingly, with respect to Exhibits 20, 21, and 48, and the unredacted version of AGA's motion in limine number 3, the request is hereby DENIED, and the Clerk shall file said documents in the public record.

**IT IS SO ORDERED.**

Dated:  June 18, 2009

_____
MAXINE M. CHESNEY
United States District Judge

---

[2] The title of the motion is: "Motion in Limine to Exclude the Testimony of Paul M. Janicke Regarding Inequitable Conduct (#3)."

2